IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS J. FLATLEY, | ) | Civil No.: CV 02-00838 SPK-LEK |
| | ) | |
| Plaintiff | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| v. | ) | |
| | ) | |
| TIMESHARE BEAT, INC., ROD HACKMAN, individually and as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and as an officer of Timeshare Beat, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM IN SUPPORT

**I.   ARGUMENT**

JATSB asks this Court to order the substitution of JATSB as Plaintiff herein.

On December 31, 2002, Flatley filed the instant lawsuit. On November 14, 2005, Final Judgment was entered in favor of Flatley and against Defendants Timeshare Beat, Inc., Rod Hackman and Andrea Hackman.

On April 4, 2006, by written agreement, Flatley assigned his rights, title and interest in the Final Judgment to JATSB. Exhibit "1". On June 24, 2006, an Acknowledgement of Assignment of Judgment was signed by Flatley and filed herein. Id.

Rule 25(c), Federal Rules of Civil Procedure ("FRCP"), provides as follows:

> If an interest is transferred, the action may be continued by or against the original party, unless the court upon motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Motions for substitution, "may be made by any currently named party or by the person or entity sought to be added as a party." Sandstrom v. Larsen, 59 Haw. 491, 583 P.2d 971, 979 (1978); see also, Montecatini Societa Gnerale per L'Industria Mineraria e Chimica v. Humble Oil & Refining Co., 261 F.Supp. 587, 591 (D.C.Md. 1966).

"Substitution after judgment may be rendered in the district court, among other things, for the purpose of subsequent proceedings to enforce a judgment." Air Line Pilots Assoc. Int'l. v. Texas Int'l Airlines, Inc., 567 F.Supp. 78, 81 (S.D. Tex. 1983) (citing Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc., 566 F.2d 8 (7th Cir.) *cert. denied*, 435 U.S. 1013 (1977).

Here, JATSB, as assignee and judgment creditor, should be substituted in this action in place of Flatley who assigned all rights, title and interest in the Final Judgment to JATSB. No prejudice will occur to the defendants on account of the requested substitution. Final Judgment has already been entered and JATSB is bound by the District Court's rulings herein. The substitution will not affect any claim, remedy or defense now or hereafter pursued by any party.

## II. CONCLUSION

Based on the foregoing, JATSB respectfully requests that this motion be granted and that JATSB be substituted for Flatley for all purposes in this case.

DATED: Honolulu, Hawaii; September 5, 2008.

/s/ Michael R. Vieira
KEVIN W. HERRING
MICHAEL R. VIEIRA
Attorneys for Assignee-Judgment Creditor
JATSB, LLC