IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS J. FLATLEY, | ) | CIVIL NO. 02-00838 SPK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMESHARE BEAT, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT ASSIGNEE-JUDGMENT CREDITOR JATSB, LLC'S MOTION FOR SUBSTITUTION OF PARTY**

Before the Court is Assignee-Judgment Creditor JATSB, LLC's ("JATSB") Motion for Substitution of Party ("Motion"), filed September 8, 2008. Defendants Timeshare Beat, Inc., Rod Hackman, individually and as an officer of Timeshare Beat, Inc., and Andrea Hackman, individually and as an officer of Timeshare Beat, Inc. ("collectively "Defendants") did not respond to the Motion. JATSB filed a memorandum in further support of the Motion on October 3, 2008. This matter came on for hearing on October 14, 2008. Michael Vieira, Esq., appeared on behalf of JATSB. After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that JATSB's Motion be GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff Thomas J. Flatley ("Plaintiff Flatley") filed the instant action on December 31, 2002. On November 14, 2005,

judgment was entered in favor of Plaintiff Flatley and against Defendants in the total amount of $215,884.61, with six percent interest.

On January 13, 2006, this Court granted Plaintiff Flatley's Ex Parte Motion for Issuance of Garnishee Summons after Judgment.  On April 27, 2006, this Court issued an Order Granting Ex Parte Motion for an Issuance of an Order for Payment of Funds Being Held for the Garnishment.  This Court directed Wells Fargo Bank and First Hawaiian Bank to pay the sums of $15,306.99 and $57,914.03, respectively, which were being held until further order of the Court.

On June 24, 2006, Plaintiff Flatley filed a document entitled "Acknowledgment of Assignment of Judgment", which stated that he has assigned all of his rights, title, and interest in the judgment to JATSB pursuant to a written agreement executed on April 4, 2006.

On July 11, 2008, JATSB filed an Ex Parte Motion for Writ of Execution Re Domain Names seeking to enforce the judgment against Defendants.  The district judge denied that motion in a July 23, 2008 order.  The district judge noted that Plaintiff Flatley's assignment to JATSB did not automatically mean that JATSB is the plaintiff.  The district judge noted that Federal Rule of Civil Procedure 25(c) regarding substitution of parties appeared to apply and ruled that JATSB was required to file a

motion to substitute or join as plaintiff before it could proceed further in this action.

In the instant Motion, JATSB seeks to be substituted as the plaintiff in this action as the successor in interest to Plaintiff Flatley pursuant to Federal Rule of Civil Procedure 25(c).  JATSB argues that, as the assignee and judgment creditor, it is the appropriate plaintiff in any proceedings to enforce the judgment.  JATSB argues that Defendants will not be prejudiced by the substitution because final judgment has already been entered and JATSB will be bound by all of the prior rulings in this case.

## DISCUSSION

Federal Rule of Civil Procedure 25(c) states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Either one of the existing parties or the party to be substituted may bring a motion for substitution.  See Montecatini Societa Generale per L'Industria Mineraria e Chimica v. Humble Oil & Refining Co., 261 F. Supp. 587, 591 (C.D. Md. 1966).  "Substitution may be ordered after judgment has been rendered in the district court for the purpose of subsequent proceedings to enforce judgment."  Explosives Corp. of Am. v. Garlam Enters. Corp., 817 F.2d 894, 907 (1st Cir. 1987) (citing 3B J. Moore, & J. Kennedy, Moore's Federal Practice § 25.03 at

3

25-27 (1987)).

In the present case, Plaintiff Flatley and JATSB entered into a written agreement assigning Plaintiff Flatley's interest in the judgment to JATSB. It appears that they entered into the agreement in good faith and for valuable consideration. There being no opposition to the Motion, this Court therefore FINDS that JATSB should be substituted as the plaintiff in this action.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that JATSB's Motion for Substitution of Party, filed September 8, 2008, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, October 15, 2008.



   /S/ Leslie E. Kobayashi  
Leslie E. Kobayashi  
United States Magistrate Judge

**THOMAS J. FLATLEY V. TIMESHARE BEAT, INC.; CV 02-00838 SPK-LEK; FINDINGS AND RECOMMENDATION TO GRANT ASSIGNEE-JUDGMENT CREDITOR JATSB, LLC'S MOTION FOR SUBSTITUTION OF PARTY**